UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:17-cr-00124-3 |
| | ) | CHIEF JUDGE CRENSHAW |
| BRANDON HARDISON | ) | |

**<u>MOTION IN LIMINE #1</u>**

**<u>(MOTION TO STRIKE CERTAIN ALLEGED OVERT ACTS AND SURPLUSAGE FROM THE FOURTH SUPERSEDING INDICTMENT)</u>**

Comes now Brandon Hardison and hereby moves this Honorable Court to strike from the *Fourth Superseding Indictment* (filed August 9, 2021-D.E. 1852) certain alleged overt acts and surplusage. More specifically, Mr. Hardison moves the Court to strike the following:

1. Overt acts a. through z. (Acts alleged to have been committed by people other than Mr. Hardison during a time in which Mr. Hardison was incarcerated.)

2. Overt act aa. (An act involving a prior federal conviction of Mr. Hardison).

3. Overt acts kk. and ll. (Acts committed by people other than Mr. Hardison.)

4. Overt acts yy. through ffff. (Acts committed by people other than Mr. Hardison. Those acts, with the exception of yy. and ffff., were committed while Mr. Hardison was incarcerated.)

5. Overt act gggg. (An act that allegedly occurred when Mr. Hardison was arrested on this case.)

6. Notice of Enhanced Sentencing Factors (Pages 20-21)

The government has brought a *Fourth Superseding Indictment* that includes eighty-five (85) overt acts. In addition, it has provided notice that it intends to add an additional seventy-one (71) overt acts (some of which have been incorporated in the *Fourth Superseding Indictment*)

1

at the trial of Mr. Hardison.  Between the *Fourth Superseding Indictment* and the notice of additional overt acts, the government has brought forth over 140 overt acts that it intends to prove at the trial of this case, clearly a number in excess of that required to prove the necessary elements of the offenses charged in the *Fourth Superseding Indictment*.

1. **<u>Overt acts a. through z.  (Acts alleged to have been committed by people other than Mr. Hardison during a time in which Mr. Hardison was incarcerated.)</u>**

Allowing evidence not tied to Mr. Hardison at the trial of this case would confuse the jury, would be a waste of time, would be unduly prejudicial, and should be excluded under Rule 403.  Mr. Hardison was incarcerated from approximately April, 2004, until May, 2011, and from approximately June, 2013, until November, 2015.  Not only did the overt acts alleged in paragraphs a. through z. not have anything to do with Mr. Hardison, they occurred while Mr. Hardison was incarcerated.  These acts should be struck from the *Fourth Superseding Indictment,* and any evidence related thereto should be excluded from the trial.

2. **<u>Overt act aa.  (An act involving a prior federal conviction of Mr. Hardison).</u>**

In this alleged overt act, the government effectively notifies the jurors that Mr. Hardison pled guilty to and was convicted of a felony offense.  Since such information is not admissible as evidence at the trial, unless admitted pursuant to Rule 609, it should not be made known to the jury in the *Fourth Superseding Indictment*.  This is a back-door way of presenting inadmissible information to a jury, and such information should be struck from the *Fourth Superseding Indictment*.

3. **<u>Overt acts kk. and ll.  (Acts committed by people other than Mr. Hardison.)</u>**

Allowing evidence not tied to Mr. Hardison at the trial of this case would confuse the jury, would be a waste of time, would be unduly prejudicial, and should be excluded under Rule 403.

These acts should be struck from the *Fourth Superseding Indictment*, and any evidence related thereto should be excluded from the trial.

4. **Overt acts yy. through ffff. (Acts committed by people other than Mr. Hardison. Those acts, with the exception of yy. and ffff., were committed while Mr. Hardison was incarcerated.)**

Allowing evidence not tied to Mr. Hardison at the trial of this case would confuse the jury, would be a waste of time, would be unduly prejudicial, and should be excluded under Rule 403. Mr. Hardison was incarcerated from approximately April, 2004, until May, 2011, and from approximately June, 2013, until November, 2015. Not only did the overt acts alleged in paragraphs yy. through ffff. not have anything to do with Mr. Hardison, they (except for yy. and ffff.) occurred while Mr. Hardison was incarcerated. All of these acts should be struck from the *Fourth Superseding Indictment,* and any evidence related thereto should be excluded from the trial.

5. **Overt act gggg. (An act that allegedly occurred when Mr. Hardison was arrested on this case.)**

This act stems from when Mr. Hardison was arrested on this case. At the time of his arrest, he was allegedly in possession of a Springfield XD 9mm pistol and approximately one pound of marijuana. There is no known connection between the possession of these items and a connection to the Gangster Disciples. Mr. Hardison is not charged with any offenses related to these acts. Any evidence related to these acts would be excludable pursuant to Rule 404(b). This overt act should be struck from the *Fourth Superseding Indictment*, and any evidence related thereto should be excluded from the trial.

6. **Notice of Enhanced Sentencing Factors (Pages 20-21)**

The "Notice Of Enhanced Sentencing Factors" section on pages 20 and 21 of the *Fourth Superseding Indictment* is simply surplusage in the Fourth Superseding Indictment. This case is

3

no longer a death penalty case. Counts One through Six carry a maximum life sentence. Count Seven carries a maximum twenty-year sentence. There is no need for the "Notice Of Enhanced Sentencing Factors" section on pages 20 and 21 of the *Fourth Superseding Indictment*. It is no longer relevant and should be struck from the *Fourth Superseding Indictment*.

Respectfully submitted,

s/ *Paul Bruno*
Paul Bruno, B.P.R. #17275
Luke Evans, B.P.R. #23620
Bulloch, Fly, Hornsby & Evans PLLC
P.O. Box 398
Murfreesboro, Tennessee 37133-0398
Telephone: (615) 896-4154
Email: pauljbruno@bfhelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing *Motion In Limine #1* has been electronically delivered to Ben Schrader, Assistant United States Attorney, and Gerald A.A. Collins, Trial Attorney, via the Clerk's electronic filing system, on this the 6th day of September, 2021.

s/ *Paul Bruno*
Paul Bruno