IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| | ) | No. | 3:17-cr-00124-3 |
| v. | ) | | |
| | ) | | Chief Judge Crenshaw |
| | ) | | |
| BRANDON DURELL HARDISON | ) | | |

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO ADMIT STATEMENTS OF JOSHUA HENRY PURSUANT TO FEDERAL RULES OF EVIDENCE 104 AND 804(b)(6)**

The United States of America, by and through the Acting United States Attorney for the Middle District of Tennessee, and the Chief of the Organized Crime and Gang Section of the U.S. Department of Justice, hereby files this reply to the defendant's response to the government's motion *in limine* to admit statements of Joshua Henry pursuant to Federal Rules of Evidence 104 and 804(b)(6) in the above-referenced case. (Doc. 1895). In his filing, the defendant argues, "first, the Court should conduct a pretrial 'mini-hearing' outside the presence of the jury, prior to determining the issue of admissibility as to Henry's alleged out-of-court statements; and second, at the conclusion of that hearing, the Court should exclude Henry's alleged out-of-court statements as inadmissible hearsay." *Id.* at 1-2. HARDISON effectively asks this Court to conduct an unnecessary and time-consuming mini-trial, involving the pre-trial cross-examination of witnesses to HARDISON's multiple efforts to intimidate witnesses and obstruct justice, days before his trial is scheduled to begin. And he does so despite case law permitting the Court to make the requested ruling in the absence of such a hearing, and despite the government's substantial proffer of what the testimony of these witnesses will be—a proffer that is based upon documented statements to government investigators, sworn grand jury testimony, and/or sworn declarations in plea

1

agreements, all of which have been provided to the defense. HARDISON's arguments are without merit and should be rejected.

The government is not required to prove that the forfeiture by wrongdoing exception applies at a pretrial evidentiary hearing before a statement can be introduced to the jury. (*See* Doc. 1882.) Instead, this Circuit has approved of district courts making such determinations during the trial itself, as with co-conspirator statements. *See Steele v. Taylor,* 684 F.2d 1193, 1202-03 (6th Cir. 1982) (requiring the government to make preliminary showing by a preponderance of the evidence for extra-judicial statements of unavailable witnesses and co-conspirators alike); *see also Buckman v. Beckstrom*, 622 F. App'x 551, 555-56 (6th Cir. 2016) (approving procedure by which courts make the forfeiture by wrongdoing determination at trial, after the government has established such forfeiture by a preponderance of the evidence, without relying on the unavailable witness's statements).

That is especially appropriate here, where the government has made a substantial proffer of the testimonial evidence (independent of Henry's statements) connecting HARDISON to Henry's murder. (*See* Doc. 1882 at 7-12). This proffer establishes that HARDISON killed Sherden and Weyand, and explains why he killed them; that Henry accompanied HARDISON immediately before and after the murder; that HARDISON became distrustful of Henry; that HARDSION threatened to do Henry harm; and that HARDISON recruited other Gangster Disciples members to kill Henry. This information is relevant and sufficiently connects HARDISON to Henry's murder for the Court to make a pretrial determination regarding admissibility.

Nor, furthermore, is the government proffering these statements to the Court or to the defense in a vacuum. Witnesses 1, 2, 3, 4, 5, 6, and 7 met with government investigators multiple times; those meetings were documented in ATF Reports of Investigation and/or local police

reports. Witnesses 1, 4, 5, and 6 testified before the grand jury in connection with this investigation, in a manner consistent with the facts reflected in the government's forfeiture by wrongdoing motion. Witnesses 4 and 6 also provided videotaped statements to local investigators. And Witnesses 2, 3, and 7, who are cooperating with the government's investigation, admitted facts under oath in their federal cooperation plea agreements that are consistent with the facts reflected in the government's forfeiture by wrongdoing motion. The government has provided all of these materials to the defense. In other words, the government has based the proffer on information witnesses have already provided to the government thus far, and in some instances on information which the witnesses have testified or agreed to under oath. This Court should therefore forgo a pretrial hearing and admit Henry's statements at trial under Rule 804(b)(6) (or, at a minimum, wait until trial to rule on the admissibility of these statements).

Nor, additionally, would a pretrial hearing on the admissibility of these statements be efficient or promote judicial economy. HARDISON is charged in a RICO conspiracy that alleges offenses occurring during a nearly fifteen-year window. To effectively present this information, the government will call in excess of approximately fifty witnesses. As stated *supra*, the government anticipates that several witnesses will offer testimony related to the statements derived from Henry in addition to other relevant testimony A pre-trial hearing would essentially require this Court to conduct a mini-trial before trial begins. Doing so would also require this Court to unnecessarily expend a substantial amount of resources to a matter that is already expected to consume significant time and resources. This would be wasteful and duplicative. *See United States v. Ledbetter*, 141 F. Supp. 3d 786, 793 (S.D. Ohio 2015); *see also United States v. Baskerville,* 448 F. App'x, 243, 249-50 (3d Cir. 2011) ("Where, as here, a defendant is charged with killing a witness to prevent him from testifying ... the procedure used ... is an acceptable way to avoid

wasting judicial resources by conducting in effect a trial before the trial."). These concerns are further exacerbated by the current conditions under which the trial will take place. Of great concern to the government will be the ability to present a case of this scope during the ongoing COVID-19 pandemic. This is a sentiment shared by this Court as evidenced by the protocols that have been implemented to ensure the safe operations of the courthouse in general. Due to these concerns, this Court has already gone to great lengths, and presumably will go to even more, to promote the safety of the public. By having a "trial before a trial," there is a potential health risk to all involved by increasing the amount of unnecessary participant contacts and extending the length of the proceedings. Holding this type of hearing would contradict the current practices of this Court, as well the safety recommendations of local, state, and federal public health officials to limit interactions to those that are purely essential.

A pretrial hearing also would not be practical, or promote public safety. The Gangster Disciples enterprise preserves and protects "… the power, territory, operations, reputation, and proceeds of the enterprise through the use of threats, intimidation, violence, and destruction, including but not limited to acts involving murder, assault, and intimidation of witnesses and victims; keeping victims and others in fear of the enterprise and in fear of its leaders, members, associates, and prospects through threats of violence and actual violence…" (Doc. 1852). HARDISON is alleged to have participated in multiple VICARs, involving murder. Two of the murders HARDISON is alleged to have carried out specifically deal with witness tampering. Understanding this, it will already be challenging for the government to present its case at trial. Several witnesses have expressed concerns about their participation and/or have outright not been cooperative. These individuals do not want to appear for one court appearance, let alone several. To require this in such a short period of time would severely impact the government's ability to

4

present its case. It would also unnecessarily expose witnesses to potential harm. As stated above, there is a genuine threat of witness intimidation or retaliation for those who cooperate with law enforcement or the prosecution. Witness tampering can occur at any time—and in many instances, occurs "mid-trial"—thus thwarting any "hard and fast procedure for making confrontation forfeiture determinations." *Ledbetter,* 141 F.3d at 793. Therefore, concerns for the safety of witnesses who may need to testify at a pre-trial hearing should be significantly considered when determining the order by which any forfeiture determination is made. *Id.* at 794 (quoting *United States v. White*, 116 F.3d 903, 915 (D.C. Cir 1997)) ("The course the court took—permitting the government to keep the identities of the murder witnesses secret until their trial testimony—was considerably less risky than defendants' proposal [for a pre-trial hearing].").

WHEREFORE, for the reasons above, the government respectfully requests that the Court grant the government's Motion in Limine to Admit Statements of Joshua Henry Pursuant to Federal Rules of Evidence 104 and 804(B)(6).

Respectfully submitted,

MARY JANE STEWART
Acting United States Attorney

By:     */s/ Ben Schrader*
        BEN SCHRADER
        Assistant United States Attorney
        Middle District of Tennessee

        DAVID L. JAFFE
        Chief, Organized Crime & Gang Section
        U.S. Department of Justice

By:     */s/ Gerald A.A. Collins*
        GERALD A.A. COLLINS
        Trial Attorney
        U.S. Department of Justice

Dated:         September 29, 2021

5

Case 3:17-cr-00124   Document 1913   Filed 09/29/21   Page 5 of 6 PageID #: 23743

# CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021, I have provided a copy of the foregoing to counsel for defendant Brandon Hardison via the Court's electronic filing system.

*s/ Ben Schrader*
BEN SCHRADER
Assistant United States Attorney
