IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| | ) | No. | 3:17-cr-00124-3 |
| v. | ) | | |
| | ) | | Chief Judge Crenshaw |
| | ) | | |
| BRANDON DURELL HARDISON | ) | | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE AUTPOSY PHOTOS (Doc. 1988)

The United States of America, by and through the Acting United States Attorney for the Middle District of Tennessee, and the Chief of the Organized Crime and Gang Section of the U.S. Department of Justice, hereby files this opposition to defendant's motion to exclude certain autopsy photos in the above-referenced case. (Doc. 1997). In his filing, the defendant makes a bare-bones request under Federal Rule of Evidence 403 that this Court exclude government's exhibits 1804, 1807, 1808, 1812, 1813, 1816, 1817, 1824, 1841, 1844, 1846, 1850, and 1855, arguing generally that the probative value of these exhibits is substantially outweighed by the danger of unfair prejudice. The defendant's argument is without merit.

In the instant matter, the government will call Dr. David Zimmerman as an expert witness to testify at trial. Dr. Zimmerman is the medical examiner who performed the autopsy on Malcolm Wright, who was murdered at C-Ray's nightclub in Clarksville on November 3, 2012. The government obtained approximately 69 photographs taken in connection with this medical examination. Of those photographs, the government will seek to admit only 36, which depict Wright's injuries and various tattoos and other personal identifiers relevant to this case.

All of the photographs that the defendant seeks to exclude have high probative value. Specifically:

1

**Exhibit 1804** depicts the name for Wright that Kristine Gaskin reported to the police when she first identified Wright ("Marcus Lane");

**Exhibit 1807** depicts an X-ray showing the location of a projectile inside Wright's body;

**Exhibit 1808** depicts an X-ray showing the location of a projectile inside Wright's body;

**Exhibit 1812** depicts bags over Wright's hands, which law enforcement placed there to secure any gunshot residue that may have been present;

**Exhibit 1813** is an overview of Wright's body, depicting a bullet entry wound and various tattoos identifying Wright as a member of the Bloods gang;

**Exhibit 1816** is a view of the right side of Wright's face, depicting a Bloods gang symbol under his right eye;

**Exhibit 1817** is a view of the right side of Wright's face, depicting a close-up image of a Bloods gang symbol under his right eye;

**Exhibit 1824** depicts the wristband given to Wright when he arrived at the hospital;

**Exhibit 1841** depicts a closer-up view of the gunshot wound in Wright's abdomen;

**Exhibit 1844** depicts a close view of the gunshot wound in Wright's abdomen, with a ruler for scale;

**Exhibit 1846** depicts superficial abrasions to Wright's back;

**Exhibit 1850** depicts the entry gunshot wound to Wright's leg, including a black abrasion around the wound, which was created as the bullet entered Wright's body; and

**Exhibit 1855** depicts the exit gunshot wound to Wright's leg.

These photographs were reviewed and selected in consultation with Dr. Zimmerman, in order to effectively and succinctly depict relevant portions of the wounds Wright suffered which led to his death and to illustrate other relevant facts for the jury.

The standard rule is that "the prosecution is entitled to prove its case by the evidence of its own choice" so that the government may "'present to the jury a picture of the events relied upon.'" *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997) (quoting *Parr v. United States*, 255 F.2d 86 (5th Cir. 1958)). Therefore, the government "is entitled to prove its case by evidence of its own choice…" and through "…the full evidentiary force of the case as the Government chooses to present it." *Id.* at 186-87. Indeed, the government does not have to be limited or prevented from publishing evidence of its choice to the jury. *United States v. Alfaro-Mocada*, 607 F.3d 720, 734 (11th Cir. 2010) (affirming district court's admission and publication of child pornography images to the jury "[e]ven if showing the images to the jury created some risk of injecting emotions into the jury's decision-making" process); *United States v. Sewell*, 457 F.3d 841, 844 (8th Cir. 2006) (finding that the district court *abused its discretion* in accepting defendant's offer to stipulate and forbidding the United States from publishing 23 images of child pornography to the jury for three or four seconds each).

As such, the government has a right to present evidence establishing the "'human significance'" of the facts in issue and "'to implicate the law's moral underpinnings.'" *Old Chief*, 519 U.S. at 187-88. It is self-evident that "the evidentiary account of what a defendant has thought and done can accomplish what no set of abstract statements ever could, not just to prove a fact but to establish its human significance." *Id.*; *see also Alfaro-Mocada*, 607 F.3d at 734; *United States v. Smith*, 459 F.3d 1276, 1296 (11th Cir. 2006) ("That the nature of the crime itself, and therefore the nature of the evidence tending to prove it, is emotionally charged does not mean that the prosecution must be deprived of its most probative evidence."). *Old Chief* permits the government to demonstrate a defendant's intent through the admission of evidence with "descriptive richness." *United States v. Wilson*, 160 F.3d 732, 745 (D.C. Cir. 1998) (citing *Old Chief,* 519 U.S. at 187).

3

"Thus, the prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant's legal fault." *Old Chief*, 519 U.S. at 188. This is due to the fact that the government bears the burden of proof at trial, and therefore, it "may prudently demur at a defense request to interrupt the flow of evidence telling the story in the usual way," because the government is faced with a "need for evidence in all its particularity to satisfy the jurors expectations about what the proper proof should be." *Id.* at 188-89.

That being said, Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. But, "[a] defendant is not afforded the right to be free of all prejudicial evidence, merely evidence that is *unfairly prejudicial* to the extent that it outweighs its probative value." *United States v. Gibbs*, 797 F.3d 416, 422 (6th Cir. 2015) (emphasis added). "Unfair prejudice 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis.'" *Id*. at 429 (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993)). Simply put, "[e]vidence is not unfairly prejudicial simply because it is gruesome or disturbing." *United States v. Boyd*, 640 F.3d 657, 667 (6th Cir. 2011) (citing *Brady*, 595 F.2d at 361-62); *United States v. Mellies*, 329 F. App'x 592, 600 (6th Cir. 2009) (finding images of child pornography were "inherently disturbing," but not unfairly prejudicial because they were "essential to proving an element of the charged crime"); *Jones v. Butler*, 864 F.2d 348, 368 (5th Cir. 1988) (holding photographs of rape-murder victim's bloody genitals were not so

4

inflammatory as to deny due process). A Rule 403 analysis must be conducted within the context of the charged criminal conduct.

Here, the government has selected photographs of this autopsy which help inform the jury about the nature of Wright's injuries and the manner of his death. Several witnesses have so far testified about the circumstances of Wright's death, and it will be up to the jury to evaluate the testimony of those witnesses in light of other available evidence to determine whether those witnesses are credible. None of the photographs the government intends to introduce here, moreover, are especially graphic; indeed, only a handful of photographs even depict the bullet wounds themselves. These photographs are thus well within the bounds of images admitted in murder cases like this one. *See, e.g., United States v. Brady*, 595 F.2d 359, 361-62 (6th Cir. 1979) (admitting photos of four victims killed by headshot wounds in pools of blood because "[w]hile the photographs were not absolutely necessary to prove this element of the crime, they were highly probative on the matter"); *United States v. Fields*, 483 F.3d 313, 354-56 (5th Cir. 2007) (admitting 32 photographs of victim's decomposing body: 19 taken at the crime scene and 13 taken in connection with the victim's autopsy); *Gov't of Virgin Islands v. Albert*, 241 F.3d 344 (3d Cir. 2001) (admitting a lengthy video of "gruesome" crime scene showing victim's bloodied body); *United States v. Treas-Wilson*, 3 F.3d 1406, 1410 (10th Cir. 1993) (autopsy and crime scene photographs, though graphic, were relevant to the determination of the defendant's state of mind); *United States v. Naranjo*, 710 F.2d 1465, 1468 (10th Cir. 1983) (admitting bloody crime scene photographs of victim who was shot in the face); *United States v. Lewis*, 2012 WL 604311, at *1 (S.D. Ohio Feb. 24, 2012) (admitting autopsy photographs of a man shot and killed during a home-invasion robbery despite defendant's intention to stipulate to the coroner's report); *Landis v. Galarneau*, 2010 WL 458143, at *2 (E.D. Mich. Feb. 3, 2010) (finding autopsy photos of alleged

drowning victim relevant and not excludable under Rule 403). Here, the photographs the government seeks to admit are relevant and will better assist the jury in understanding the testimony of Dr. Zimmerman. Furthermore, although the defendant has cited Rule 403 generally in seeking exclusion of these photographs, he has not explained with any level of specificity why any particular photograph should be excluded. His argument fails for that reason as well.

WHEREFORE, for the reasons above, the government respectfully requests that the Court deny the defendant's Motion to Exclude Autopsy Photos (Doc. 1997) in its entirety.

Respectfully submitted,

MARY JANE STEWART
Acting United States Attorney

By:     */s/ Ben Schrader*
BEN SCHRADER
Assistant United States Attorney
Middle District of Tennessee

DAVID L. JAFFE
Chief, Organized Crime & Gang Section
U.S. Department of Justice

By:     */s/ Gerald A.A. Collins*
GERALD A.A. COLLINS
Trial Attorney
U.S. Department of Justice

Dated:     October 27, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2021, I have provided a copy of the foregoing to counsel for defendant Brandon Hardison via the Court's electronic filing system.

*s/ Ben Schrader*
BEN SCHRADER
Assistant U.S. Attorney